UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS DARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-cv-00739-JMS-DML |
| | ) |
| STATE OF INDIANA, | ) |
| CORIZON HEALTH CARE also known as | ) |
| CORIZON MEDICAL, | ) |
| DESI Nurse, | ) |
| DELANEY Nurse, | ) |
| | ) |
| Defendants. | ) |

**ORDER REMANDING ACTION TO STATE COURT**

On May 8, 2015, Defendants Corizon Health Care ("Corizon") and Desma Allen, N.P. ("Allen") removed Plaintiff Dennis Darr's state court action to federal court, alleging that this Court could exercise original jurisdiction over Mr. Darr's claims. [Filing No. 1 at 2 (noting that Mr. Darr asserts claims pursuant to 42 U.S.C. § 1983).]

On May 26, 2015, Defendant State of Indiana filed a Motion to Dismiss, asserting that it "does not consent to being sued in federal court [and a]ccordingly, the State has not waived its sovereign immunity." [Filing No. 9 at 1.] Thus, the State of Indiana asks this Court to dismiss Mr. Darr's claims against it. [Filing No. 9 at 1-2.]

On May 29, 2015, in response to the State of Indiana's Motion to Dismiss, Mr. Darr filed a Motion for Remand to State Court, "conced[ing] that his claims against Defendant State of Indiana are barred by the Eleventh Amendment in Federal Court, which is why Plaintiff originally brought his claims in the Henry County Superior Court." [Filing No. 12 at 1.] Thus, Mr. Darr

asserts that "his claims against the State of Indiana should be remanded to the State Court." [Filing No. 12 at 1.]

28 U.S.C. § 1446(b)(2)(A) provides that when a civil action is removed solely on the basis of original jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c).

Although Corizon and Allen consented to removal of Mr. Darr's action to federal court, Defendant State of Indiana has timely asserted that it "did not consent and does not consent."[1] [Filing No. 10 at 1 ("[T]he State of Indiana did not consent and does not consent to removal of this case to federal court.").] Because not all of the Defendants consented to the removal of this case to federal court, and that issue was timely raised pursuant to 28 U.S.C. § 1447(c), this case will be remanded to state court, *see Matter of Amoco Petroleum Additives Co.*, 964 F.2d 706, 713 (7th Cir. 1992) ("A defect in removal procedure authorizes remand.").

For the reasons stated herein, the Court **DENIES AS MOOT** the State of Indiana's Motion to Dismiss but recognizes its assertion that it does not consent to removal of Mr. Darr's state court action to federal court. [Filing No. 9.] The Court **GRANTS IN PART** Mr. Darr's Motion to Remand, [Filing No. 12], such that Mr. Darr's action is remanded to Henry Circuit Court Cause No. 33C02-1503-CT-000021 pursuant to 28 U.S.C. § 1447(d). Each party shall bear its costs for the removal.

---

[1] Defendants Corizon and Allen represent in their Notice of Removal that as of May 8, 2015, they were the only defendants who had been served. [Filing No. 1 at 2.] The state court chronological case summary, which they attached to their Notice of Removal, belies that assertion. [*See* Filing No. 1-1 at 16 (noting State of Indiana served on May 4, 2015).]

Date: June 3, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF:**

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Rachel Janel Guin-Lowry
CHRISTOPHER C. MYERS & ASSOCIATES
rguin@myers-law.com

Ilene M. Smith
CHRISTOPHER MYERS & ASSOCIATES
ismith@myers-law.com

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
jefferson.garn@atg.in.gov